[No. 16800.  Department One.  April 10, 1922.]

WESLEY E. PETERSON et al., Appellants, v. W. C. DAWSON & COMPANY, Respondent.[1]

MASTER AND SERVANT (110)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DEFECTS. A longshoreman, injured by the fall of ties when a top-heavy tackle load was received in the hold of a ship, is guilty of contributory negligence, where he observed the danger and unnecessarily assumed a dangerous position to release the tackle.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 20, 1921, upon granting a nonsuit, dismissing an action for personal injuries sustained by a longshoreman while loading a ship. Affirmed.

P. L. Pendleton, for appellants.

R. S. Holt, for respondent.

BRIDGES, J.—Suit for personal injuries. The plaintiff was a longshoreman of considerable experience. At the time of his injury, he was in the employ of the defendant, which was engaged in loading the steamship "Sudbury", owned by it, with cross-ties. These ties were brought to the ship's tackle on scows. A chain would be stretched out and ties put on it, and then the chain would be drawn up tight and its two ends hooked onto the ring at the end of the ship's tackle, and thus the load would be carried to the deck of the ship and lowered into the hold by means of winches operated on the deck of the vessel. Peterson, with his companions, was at work in the hold of the vessel. It was their duty, as a load of ties would come to them, to remove the chain and attach it to the tackle in order

[1]Reported in 205 Pac. 835.

that it might be returned for another load, and distribute the ties evenly throughout the vessel. Usually the ties were loaded four wide and five high. There were, however, many exceptions to the rule. The particular load which injured Peterson was only two ties wide and seven high, thus making it top-heavy. As this load was being lowered into the ship, Peterson noticed its peculiar defects. He observed just how many ties there were in the load, that it had a base of only two ties and was seven high, and appreciated that there might be some danger of the ties falling when the chain was removed. Two of the workmen held up the pile while Peterson unhooked the chain from the tackle and pulled it out from under the load. He was in the act of hooking the released chain onto the cable when the ties toppled over and injured him.

The trial court granted a nonsuit, and judgment was entered dismissing the action. The plaintiffs have appealed.

We are satisfied the judgment must be sustained. If it be conceded that this load of ties was improperly and dangerously loaded, Peterson knew that fact as well as anyone else. He knew that its base was too narrow and that the pile was too high, and that it was top-heavy and likely to fall. It was his duty to keep these facts in mind while he was removing the chain. In performing that act and attaching the chain to the cable it was not necessary that he be within the reach of danger. The winchman, or some person giving signals to him, was at all times within view of those unloading the ties, and the appellant and his companions had a right, and it was their duty, to give any signals which might be proper or necessary in safely carrying on their work. The appellant knew the ties were liable to fall over, and having that knowledge, it

was not only his privilege but his duty to so direct the winchman that the load could be placed on its side, and thus the chain removed without the slightest danger. It is manifest from a reading of the record that Peterson was guilty of negligence which materially contributed to the injury.

Judgment affirmed.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.